966 F.2d 1457
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Constantine MASTORAKOS, also known as Gus Mastorakos,
Defendant-Appellant.
 No. 91-2461.
 United States Court of Appeals, Seventh Circuit.
 Submitted May 19, 1992.*
Decided June 9, 1992.
 
 Before J. CUMMINGS and D. CUDAHY, Circuit Judges, and WOOD, Jr., Senior Circuit Judge.
 
 ORDER
 
 1
 DEA agents arrested Constantine Mastarakos after he offered $25,000 to an undercover agent in exchange for a kilogram of cocaine. The agents also arrested James Beil who had driven Mastarakos to the scene of the deal, and was waiting in the car for him when the deal occurred. Both men pled not guilty; Mastarakos went to the Metropolitan Correctional Center, and Beil was released pending trial. While in the MCC Mastarakos gave a proffer to the government in which he denied Beil's involvement in the drug deal.
 
 
 2
 At the eleventh hour Mastarakos forewent his trial and entered a blind guilty plea to three counts arising from his arrest. In the course of pleading guilty, Mastarakos, under oath, again denied Beil's involvement in the drug deal. Minutes before sentencing, however, Mastarakos changed his tune, told the government that Beil financed the attempted drug deal, and agreed to help the government with its case against Beil. To that end Mastarakos gave a second proffer--this one profiled Beil's involvement in the drug deal--in which he told the government about phone calls he made to Beil while in the MCC. The government then acquired the tapes of the calls, which revealed that Mastarakos told Beil that he had denied to the government Beil's involvement in the drug deal. The tapes also revealed Mastarakos asking Beil not to plead guilty until after Mastarakos was sentenced so that he would not look like a liar. Beil pleaded guilty to charges stemming from Mastarakos's drug deal soon after his attorney learned of Mastarakos's flip.
 
 
 3
 At Mastarakos's sentencing hearing the government asked the court to impose on Mastarakos the mandatory minimum sentence. Mastarakos objected that his substantial assistance to the government entitled him to a downward departure under 18 U.S.C. § 3553(e). The government argued that the statute allows downward departure only upon the government's motion, which it did not make because it decided that Mastarakos's assistance was insubstantial. Although the court expressed concern about the government's lack of uniformity in exercising its discretion under section 3553(e), it recognized that the opportunity for a downward departure ensues only from a government motion, which it did not make in this case.
 
 
 4
 Mastarakos argues on appeal that the government's decision not to move for a departure below the statutory mandatory minimum sentence was arbitrary and done in bad faith. He also claims that the government's decision violated his right to due process. Wade v. United States, 112 S.Ct. 1840, at 1843-1844 (S.Ct.1992), made clear the district court's "authority to review a prosecutor's refusal to file a substantial-assistance motion and to grant a remedy if [it] find[s] that the refusal was based on an unconstitutional motive ..., say, because of race or religion." The Court, however, did not address whether a district court may review a claim that "the Government violated [a defendant's] constitutional rights by withholding a substantial-assistance motion 'arbitrarily' or 'in bad faith.' " Id. at * 11. Although the government in Wade conceded that the defendant "would be entitled to relief if the prosecutor's refusal to move was not rationally related to any legitimate Government end," id., the Court shrugged its shoulders at the question in the case because, based on the record before it, "the argument was to no avail." Id.
 
 
 5
 The questions that Wade left open do not bear on this case because the record shows no sign that the prosecutor acted arbitrarily or in bad faith. Mastarakos, however, argues that this is "a case where the prosecution stubbornly refuses to file a motion despite overwhelming evidence that the accused's assistance has been so substantial as to cry out for meaningful relief." United States v. La Guardia, 902 F.2d 1010, 1017 (1st Cir.1990). The overwhelming evidence he points to is his second proffer to the government in which he outlined Beil's involvement in the drug deal, and his disclosure to the government of his telephone calls with Beil. This assistance is not so substantial as to cry out for meaningful relief. First, Mastarakos argues that his second proffer gave the government a sword with which it could slay Beil. From the government's perspective, though, that sword could easily be reforged in the crucible of cross-examination. Any testimony he offered against Beil could have been impeached by introducing his first proffer; he showed a consistent willingness to lie under oath that could have been used to destroy his credibility; and his flip-flopping stories must have raised questions in the government's mind as to whether he could be trusted to give reliable direct-examination. Nor could Mastarakos's disclosure of his phone calls fairly be characterized as substantial assistance. Mastarakos made the phone calls to Beil long before he decided to tell the government about them so he can not be said to have made the calls in aid of the government. All he did was tell the government that the calls were made, an action that the government reasonably decided did not amount to substantial assistance worthy of a motion for downward departure.
 
 AFFIRMED
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral arguments would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs